UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUDOLPH TETREAULT, individually, and
DAVID TETREAULT, individually;

                Plaintiffs,

     v.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, a Washington
Corporation;

                Defendant.

Case No. 3:25-cv-05323-TLF

ORDER DENYING DEFENDANT'S
MOTIONS TO EXTEND
DISCOVERY AND TO COMPEL
AN INDEPENDENT MEDICAL
EXAMINATION (DKT. 16)

Before this Court is defendant's "Motion for Relief from Discovery Deadline and to Compel Plaintiff Rudolph Tetr[e]ault's Attendance at FRCP 35 Medical Examination." Dkt. 16. For the reasons below, defendant's motion is DENIED as defendant fails to establish good cause for a discovery extension to accommodate their requested Independent Medical Examination ("IME").

BACKGROUND

On March 26, 2025, plaintiffs Rudolph and David Tetreault[1] filed suit against defendant in Pierce County Superior Court following a car accident. Dkt. 1-2 at 1, 8. On April 16, 2025, Defendant removed the matter to this Court. Dkt. 1.

---

[1] For clarity, the Court refers to both plaintiffs individually by using their first names.

ORDER DENYING DEFENDANT'S MOTIONS TO
EXTEND DISCOVERY AND TO COMPEL AN
INDEPENDENT MEDICAL EXAMINATION (DKT. 16) - 1

The scheduling order set the following relevant deadlines. Dkt. 12. On October 10, 2025, disclosure of opening expert witnesses was due. *Id.* On November 14, 2025, disclosure of rebuttal expert witnesses was due. *Id.* By December 19, 2025, "[a]ll discovery motions related to discovery must [have been] noted on the motion calendar . . ." *Id.* The discovery cut-off date was January 5, 2026, by which all discovery, "including meet-and-confer-meetings," was to be complete. *Id.*

On October 10, 2025, defendant filed an opening expert witness disclosure listing Dr. Kevin Nowicki, Dr. Raam Sambandam, Dr. Dawei Lu, and Dr. Roman Kutsy. Dkt. 13.

Defendant's counsel contacted plaintiffs' counsel by email October 22, 2025, to schedule Rudolph for IMEs with Dr. Kutsy and Dr. John Hung. Dkt. 16, Ex. G; Dkt. 19, Ex. 2. As the parties attempted to schedule the IMEs, defendant's counsel proposed Dr. Lawrence Lavine as an alternative to Dr. Kutsy. *See* Dkt. 16, Ex. Q.

On November 21, 2025, plaintiffs' counsel confirmed by email that Rudolph was scheduled for IMEs on December 2nd with Dr. Lavine and December 8th with Dr. Hung. Dkt. 16, Ex. R.

On November 25, 2025, plaintiffs' counsel sent an email expressing concern that Drs. Lavine and Hung had not yet been disclosed as experts. Dkt. 16, Ex. J. Plaintiff's counsel then stated he "cannot agree to an examination of Rudy Tetreault by undisclosed experts" until he received "the requested discovery relating to these experts" and "assurances that Defendant will agree to make these experts available for depositions on an agreed upon date." Dkt. 16, Ex. J.

On the same day, defendant's counsel sent the CVs and fee schedules for Drs. Lavine and Hung, Dkt. 16, Ex. J, and filed an "Amended Expert Witnesses" disclosure with this Court (listing Drs. Lavine and Hung). Dkt. 15.

Rudolph did not appear for either of the IMEs scheduled for December 2nd and 8th. Dkt. 16, Exs. B, C, S. In the parties' correspondence around and after those IMEs, plaintiffs' counsel repeatedly reiterated concerns about the disclosure issue (Dkt. 19, Exs. 4-7) and told defense counsel in a December 5th email that "we cannot agree to the examinations for either of these Plaintiffs moving forward." Dkt. 19, Ex. 5.

On January 9, 2026, defendant filed the instant motions, requesting: (1) to extend discovery and (2) to compel an IME. Dkt. 16. The defendant seeks to extend the discovery cutoff, Dkt. 16 at 6, to enable him to compel Rudolph to attend an IME scheduled for February 16, 2026, with Drs. Lavine and Hung[2] and to provide plaintiffs the resulting expert reports by February 27, 2026. Dkt. 16 at 1-3. These motions have been fully briefed by the parties. Dkt. 16, 17, 18, 19, 21, 22.

On February 9, 2026, this Court held oral argument on the motions. Dkt. 23.

## DISCUSSION

1. Good Cause is Required to Extend Discovery

After this Court sets a scheduling order, this "schedule may be modified only for *good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). Good cause requires a party show they cannot meet a scheduling order's deadlines despite their due diligence, and "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations,*

---

[2] According to defendant's reply, Dr. Hung is no longer available for the IME. Dkt. 21 at 2.

ORDER DENYING DEFENDANT'S MOTIONS TO
EXTEND DISCOVERY AND TO COMPEL AN
INDEPENDENT MEDICAL EXAMINATION (DKT. 16) - 3

*Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). When reviewing a motion to reopen discovery, the Court reviews: (1) the length of time remaining before the trial date; (2) whether the motion is opposed; (3) is the non-moving party prejudiced; (4) was the moving party diligent in obtaining discovery within court's guidelines; (5) foreseeability of the need for additional discovery; and (6) would the requested discovery be likely to lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.,* 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted). The "good cause" standard for Rule 16(b) "primarily considers the diligence of the party seeking the amendment" and "[i]f that party was not diligent, the inquiry should end." *Johnson* at 609; *accord Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *see also* Local Rules W.D. Wash. 16(b), (m)(1) (stating LCR 16, which incorporates Rule 16's good cause standard, "will be strictly enforced.").

2.  Defendant Fails to Establish Good Cause

Defendant did not file these motions until January 9, 2026. Dkt. 16. This was after expiration of *both* the deadline for noting discovery motions on December 19, 2025, and the discovery cutoff on January 5, 2026. Dkt. 12. And when defendant filed the instant motions, the expert witness deadlines had expired (October 10, 2025, disclosure of opening expert witnesses was due; November 14, 2025, disclosure of rebuttal expert witnesses was due). On November 25, 2025, plaintiff objected to the defense attempting to obtain more discovery relating to proposed experts who were not on their list of disclosures (Drs. Lavine and Hung); the expert witness deadlines were expired at that time.

Defendant did not file any motion to extend deadlines, or to compel discovery, before the December 19th discovery motion deadline, despite plaintiffs' counsel having

ORDER DENYING DEFENDANT'S MOTIONS TO
EXTEND DISCOVERY AND TO COMPEL AN
INDEPENDENT MEDICAL EXAMINATION (DKT. 16) - 4

clearly and repeatedly stated that Rudolph would no longer attend any IME. *E.g.* Dkt. 16, Ex. J (plaintiffs' counsel email from November 25, 2025, noting "[n]either of these experts have been disclosed" and "[w]e cannot agree to an examination of Rudy Tetreault by undisclosed experts" until defendant "promptly provide the expert materials that were requested."); *see also* Dkt. 19, Ex. 4 (plaintiffs' counsel email from December 3, 2025, stating, "I made it clear that Plaintiffs could not agree to the examination moving forward given the last-minute switch in examiners and the fact that neither had been disclosed as experts" and "[w]e also did not have a stipulation in place as to the examinations themselves.").

Defendant still asserts it was not until January 5, 2026, that plaintiffs' counsel informed them "that Plaintiff Rudolph Tetreault would not attend . . . any FRCP 35 examination at any time." Dkt. 16 at 5.

Defendant's argument disregards the above communications from plaintiffs' counsel that occurred before January 5th and fails to recognize the importance of plaintiffs' counsel's email sent on December 5th, stating that "we cannot agree to the examinations for either of these Plaintiffs moving forward." Dkt 19, Ex. 5. Defendant did not act diligently, delayed their motion until after the discovery cutoff, and did not acknowledge plaintiffs' clear and repeated communications disclaiming any future IMEs.

Defendant refers to other events to justify the late filing of its motion. This includes Rudolph failing to attend the December IMEs, Dkt. 16 at 5; plaintiffs' alleged delay in providing a stipulation and authorization for medical records, leading said records to be provided on October 4th, six days before expert disclosures, Dkt. 16 at 2 5-6; the "timeline of the holidays" being "not advantageous" for scheduling discovery,

Dkt. 16 at 7; the parties' stipulation for David's separate IMEs, Dkt. 16 at 7-8; and claiming the parties are continuing discovery past the discovery cut-off on certain expert depositions. Dkt. 16 at 7.

These assertions, separately or combined, do not provide good cause. Defendant failed to file the instant motions before the discovery motion noting deadline, even though plaintiffs' counsel repeatedly expressed concerns regarding Rudolph's IMEs, and refused to comply with the scheduled IMEs, before the December 19th noting deadline.

The good cause standard "primarily considers the diligence of the party seeking the amendment" and "[i]f that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. As defendant fails to establish good cause to extend the deadline for their motion to compel, and to extend the discovery cutoff, to accommodate defendant's otherwise untimely request to compel an IME[3] the Court finds there is not good cause for an extension of the deadlines, the motion to extend discovery is denied as untimely, and the motion to compel is denied as untimely.

CONCLUSION

Defendant's motions to compel an IME and to extend the discovery deadline are both DENIED.

Dated this 11th day of February, 2026.

Theresa L. Fricke
United States Magistrate Judge

---

[3] As this Court denies defendant's request to extend the discovery motion deadline and the discovery cutoff, the Court declines to analyze the merits of the motion to compel the IME, as it is untimely.

ORDER DENYING DEFENDANT'S MOTIONS TO
EXTEND DISCOVERY AND TO COMPEL AN
INDEPENDENT MEDICAL EXAMINATION (DKT. 16) - 6